UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Troy K. Scheffler,

        Plaintiff,

v.

No. 14-cv-2946 (JNE/SER)
ORDER

Minnesota Department of Human Services
and Anoka County,

        Defendants.

      The Court dismissed this action in March of 2015. Plaintiff Troy K. Scheffler subsequently appealed that decision to the Eighth Circuit Court of Appeals. With that appeal currently pending, Scheffler has now filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(2) and (5), claiming that he has acquired "new evidence" that justifies vacating the Court's dismissal order. The motion will be denied. *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (explaining that "[o]ur case law . . . permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court . . .").

      As the Court explained in its dismissal order, this action centers on Scheffler's ineligibility for MinnesotaCare, a taxpayer-subsidized health insurance program for low-income uninsured people. Scheffler had been receiving MinnesotaCare prior to April of 2013. At that time, he became eligible for Medicare by virtue of his receipt of Social Security Disability Insurance benefits. Minnesota law excludes from the MinnesotaCare program individuals with "minimum essential health coverage" from any other source, including Medicare. Consequently, the Defendants terminated Scheffler's MinnesotaCare coverage.

1

Scheffler challenged his disenrollment from the program through administrative channels. When that proved unsuccessful, he brought an appeal of the Defendants' action in the Anoka County District Court. There, Scheffler sought to reverse the termination of his MinnesotaCare coverage, claiming that it was an act of discrimination in violation of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Minnesota Human Rights Act. While that state action was pending, Scheffler brought those same claims against the same Defendants here in federal court. By the time the Defendants moved to dismiss Scheffler's Amended Complaint here, the Anoka County District Court had ruled in their favor in the state case. In so doing, the state district court found that Scheffler was not a "qualified individual with a disability" with respect to the MinnesotaCare program – an essential element of proving a disability discrimination claim under the ADA and the RA. The Court subsequently concluded that the issue-preclusive effects of the Anoka County District Court's decision were fatal to the federal disability discrimination claims Scheffler presses in this case, and, in their absence, declined to exercise supplemental jurisdiction over his state claims.

With his motion under Rule 60(b)(2) and (5), Scheffler now seeks to vacate that decision based on what he contends is "new evidence" that the state of Minnesota can afford to provide him with medical coverage through the MinnesotaCare program or an equivalent despite his eligibility for Medicare.[1] This fails for a variety of reasons.

---

[1] Scheffler's motion also catalogues what he contends are this Court's "reversible errors in its issue preclusion-driven dismissal" and recites his position on the merits of his claims. Rule 60(b), however, "is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), and the Court will not reconsider issues that are currently pending before the Eighth Circuit. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

First, Rule 60(b)(2) only allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." As such, this provision of the rule "permits consideration only of facts which were in existence at the time of trial" but which were not available to the movant despite his exercise of due diligence. *Swope v. Siegel-Roberts, Inc.*, 243 F.3d 486, 498 (8th Cir. 2001). Here, though, Scheffler offers only a letter he received from the Defendant Minnesota Department of Human Services, dated July 6, 2015, indicating that the premium he pays for the Medical Assistance for Employed Persons with Disabilities program "will decrease" in September due to "recent changes in law." This case was dismissed in March of 2015; this letter was not in existence at that time.

Furthermore, even if this letter could somehow constitute "newly discovered evidence" within the meaning of Rule 60(b)(2), Scheffler is not entitled to relief unless he can also show that it is "material" to the decision he seeks to vacate and "would probably produce a different result." *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480, 487 (8th Cir. 2000).

This Scheffler has not done. As indicated, the Court dismissed his federal claims because of the issue-preclusive effects of the Anoka County District Court's determination that he is not a "qualified individual with a disability" under the ADA and the RA. The letter is not relevant to and does not undermine the preclusive effect this Court was bound to give the state court's decision on that matter in any way. *See Nelson v. Am. Family Ins. Grp.*, 651 N.W.2d 499, 511 (Minn. 2002) (explaining that issue preclusion applies when "(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a

full and fair opportunity to be heard on the adjudicated issue") (internal quotation omitted). The letter likewise bears no relation to and has no impact on the Court's decision not to exercise supplemental jurisdiction over Scheffler's state claims.

Second, with respect to Rule 60(b)(5), that provision allows a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment . . . is based on an earlier judgment that has been reversed or vacated." This does not apply here. In fact, on July 27, 2015 – notably, several weeks after Scheffler came into possession of his "new evidence" – the Minnesota Court of Appeals affirmed the Anoka County District Court's rejection of his discrimination claims. *Scheffler v. Minnesota Department of Human Services*, A14-1939, 2015 WL 4508109. That court "conclude[d] that the district court did not err by granting summary judgment [to the Defendants] on the ground that Scheffler did not establish a prima facie case of disability discrimination by showing that he has otherwise qualified for MinnesotaCare coverage and that he was excluded from MinnesotaCare due to discrimination based upon disability." *Id.* at *4.

Scheffler's motion under Rule 60(b) is therefore denied.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Plaintiff's Motion for Relief from Judgment per Fed. R. Civ. P. 60(b)(2, 5) [ECF No. 72] is DENIED.

Dated: August 7, 2015           s/Joan N. Ericksen_____
                       JOAN N. ERICKSEN
                       United States District Judge